UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK T. ALBRECHTA,<br><br>                 Petitioner. | Criminal Action No. 3:13-CR-128<br>Civil Action No. 3:14-CV-723 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Mark T. Albrechta's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 64). For the reasons set forth below, the § 2255 Motion is DENIED.

### I. BACKGROUND

#### a. *Factual Background*

According to the Statement of Facts (ECF No. 30), from on or about May 1, 2013 and continuing through or in about May 21, 2013, Petitioner, Mark T. Albrechta ("Albrechta" or "Petitioner"), did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others to distribute, and possess with the intent to distribute, 500 grams or more of cocaine hydrochloride. Additionally, on May 21, 2013, Albrechta, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm.

Specifically, on May 21, 2013, law enforcement officers of the Virginia State Police and agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a lawful search warrant at Albrechta's residence in Hanover County, Virginia. During the course of that search,

agents located over 500 grams of cocaine hydrochloride.[1] Law enforcement also located scales and packaging materials, as well as a shotgun, inside the residence. After being *Mirandized*, Albrechta agreed to speak with law enforcement. Albrechta admitted to purchasing the cocaine found in his residence earlier in the month of May 2013 from co-conspirators, and intended to distribute it in the Richmond, Virginia area. Albrechta also admitted to knowingly possessing the shotgun.

### b. *Procedural Background*

Albrechta was arrested pursuant to a Criminal Complaint on May 21, 2013. He was then charged on July 17, 2013 in a two-count Criminal Information, alleging (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 ("count one"); and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("count two"). (ECF No. 21.)

On August 23, 2013, Albrechta pled guilty to the Criminal Information. (ECF No. 29.) He was sentenced by this Court on January 10, 2014 to 108 months' imprisonment and four years of supervised release on count one, and 108 months' imprisonment and three years of supervised release on count two, to run concurrently to count one. (ECF No. 49.) Albrechta was represented by Valencia Roberts ("Roberts").[2] Despite the waiver of appeal in his plea agreement, Albrechta filed a notice of appeal on March 17, 2014. (ECF No. 51.) On August 21, 2014, the Fourth Circuit dismissed the appeal as untimely. (ECF Nos. 56, 57.)

On October 21, 2014, Albrechta filed the instant § 2255 Motion. In his § 2255 Motion, Petitioner alleges five grounds for relief:

> Ground One: Relief under United States Sentencing Guideline ("U.S.S.G.") § 5H1.6, citing the need to care for his parents
>
> Ground Two: Malicious Prosecution–(1) falsifying information in the complaint; (2) denial of a detention (bond) hearing; (3) invalid confession due to the complaint being falsified; and (4) false

---

[1] The parties agreed for sentencing purposes that the attributable drug weight to Albrechta was more than 500 grams, but less than 2 kilograms, of cocaine hydrochloride.
[2] The Court granted the Government's request to direct Roberts to file a sworn statement addressing Petitioner's ineffective assistance of counsel claims presented in his § 2255 Motion. (ECF No. 71.) Roberts' declaration is attached to the Government's response as Exhibit 1.

|  |  |
|---|---|
|  | statements in documents filed by the Government |
| Ground Three: | Ineffective assistance of counsel for the following reasons: withheld detention hearing from the defendant; withheld all pleadings and discovery from the defendant; refused to advise on appellate case; withheld information from the government regarding his personal business; and refused to assist with his medical problems |
| Ground Four: | Multiple medical conditions were not treated properly |
| Ground Five: | Albrechta provided substantial assistance to the government but did not receive any sentence reduction |

The United States filed a response in opposition on June 17, 2015 ("Gov'ts Resp.") (ECF No. 73).[3] Albrechta failed to file a reply and his time for doing so has now passed. (ECF No. 69.) The issue is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court generously interprets Petitioner's factual allegations and legal contentions.

//

---

[3] The Court granted the Government's motion for extension of time to file it response to the § 2255 Motion. (*See* ECF Nos. 70, 71.)

### III. **DISCUSSION**

(1) <u>Ground One: Relief Under U.S.S.G. § 5H1.6 for Family Ties and Responsibilities</u>

In his first ground for relief, Albrechta seeks relief pursuant to U.S.S.G. § 5H1.6,[4] claiming that both of his parents have serious medical needs and he needs to take care of them. (§ 2255 Mot. at 5.) This claim is procedurally barred.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' [citations omitted], or that he is 'actually innocent,' [citations omitted]." *Bousley v. United States*, 523 U.S. 614, 622 (1998). This "procedural-default rule . . . is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Albrechta failed to file a timely appeal, and thus did raise the instant issue in direct appeal. In the present § 2255 Motion, Albrechta fails to demonstrate either "cause and actual prejudice" or "actual innocence" excusing his default. For those reasons, this claim must be dismissed.[5]

(2) <u>Ground Two: Malicious Prosecution</u>

In his second ground for relief, Albrechta argues malicious prosecution based on a number of "falsified statements" in the "complaint for search warrant"[6] and other documents,

---

[4] U.S.S.G. § 5H1.6 states in relevant part, "In sentencing a defendant convicted of an offense . . . family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." In order to justify a departure on the basis of family responsibilities, the Fourth Circuit has held that a defendant must show that his situation is somehow "extraordinary." *United States v. Bell*, 974 F.2d 537, 538 (4th Cir. 1992) (citations omitted).

[5] Additionally, Albrechta's claim is non-cognizable in a § 2255 motion. Albrechta is not challenging the constitutionality of his sentence or arguing a miscarriage of justice, *see Addonizio*, 442 U.S. at 185, but rather requesting a reduction in his sentence. Such arguments are better suited for a motion to modify sentence under 18 U.S.C. § 3582.

[6] When Albrechta references the "complaint for search warrant," the Court assumes Albrechta is referring to the Criminal Complaint (ECF No. 1). In his memorandum in support of his § 2255 Motion, Albrechta challenges multiple statements of Kenneth Mosley's affidavit, which is attached to the Criminal Complaint.

including the Government's sentencing position and statement of facts. (§ 2255 Mot. at 6.)[7] This ground for relief, like Albrechta's first ground, is procedurally barred because Albrechta could have addressed these issues on direct appeal.

However, construing the § 2255 Motion liberally, *see Gordon*, 574 F.2d at 1151, Albrechta attempts to argue that ineffective assistance of counsel should excuse his default. He specifically states that his attorney "kept [him] in the dark and took advantage of [his] unstable condition," and thus he "never knew about malicious prosecution" and did not appeal such issues. (§ 2255 Mot. at 7.) "Errors of counsel may . . . serve as cause to excuse the procedural default of a specific constitutional claim, but only if the defendant demonstrates that the errors were so egregious that they violated the defendant's constitutional right to effective assistance of counsel, . . . and that the ineffective assistance claim itself is not procedurally defaulted . . . ." *United States v. Holbrook*, 613 F. Supp. 2d 745, 760 (W.D. Va. 2009) (internal citations omitted). But Albrechta's attempt to argue ineffective assistance fails to remedy his procedural default.

As an initial matter, Albrechta's second ground for relief argues that counsel kept him in the dark regarding a malicious prosecution claim. (*See* § 2255 Mot. at 7.) However, a claim of malicious prosecution is a civil tort, *Brennan v. United States*, No. 7:05CV00300, 2005 WL 2180474, at *3 (W.D. Va. Sept. 9, 2005), and thus such cause of action would have been inapplicable in Albrechta's criminal case.

Focusing instead on Albrechta's claim that counsel failed to challenge the alleged falsity of the complaint, Albrechta cannot prove that counsel was ineffective. Albrechta alleges that a number of statements contained in the affidavit attached to the Criminal Complaint are false. For example, the affidavit notes that Albrechta has "multiple tattoos on his arms and shoulders," but Albrechta claims he has no tattoos. (Mem. in Supp. of § 2255 Mot. at 2.) The affidavit also

---

[7] Albrechta also argues malicious prosecution because of an alleged denial of a bond hearing. (*See* § 2255 Mot. at 6.) This claim will be addressed in Albrechta's third ground for relief.

notes that Albrechta was previously convicted for possession of a firearm by a convicted felon, but Albrechta argues that he was only charged with attempted possession of a firearm. (*Id.*) The alleged falsities in the Criminal Complaint are irrelevant because the remaining statements in the affidavit are still sufficient to establish probable cause supporting the issuance of the Criminal Complaint. *See United States v. Novaton*, 271 F.3d 968, 986 (11th Cir. 2001) (evidence stemming from search warrant will not be suppressed unless defendant demonstrates that (1) search warrant affidavit contained perjurious statements or statements made with a reckless disregard for the truth and (2) the search warrant is no longer supported by probable cause after striking the perjurious or reckless statement). Therefore, Albrechta fails to demonstrate that counsel performed deficiently by failing to challenge the allegedly false statements. Nor does Albrechta demonstrate resulting prejudice.

Therefore, because his ineffective assistance claim fails, Albrechta has not presented any evidence that demonstrates cause and prejudice sufficient to excuse his failure to raise the instant claims in a direct appeal. Albrechta also does not assert actual innocence. Accordingly, these claims are without merit and must be dismissed. *See Bousley*, 523 U.S. at 622.

(3) Ground Three: Ineffective Assistance of Counsel[8]

In his third ground for relief, Albrechta argues a number of ineffective assistance claims. Each of his claims, however, fails to satisfy the standard defined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland*, 466 U.S. at 687. The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v.*

---

[8] Although Albrechta's ineffective assistance of counsel claims were not raised in a direct appeal either, these claims may still be brought in a collateral proceeding under § 2255. *Massaro*, 538 U.S. at 504.

*Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

In the context of guilty pleas, the two-pronged *Strickland* standard similarly applies. However, for the "prejudice" requirement the Court must "focus[] on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As the Government first notes, Albrechta cannot establish the requisite prejudice on any of his ineffective assistance claims. According to the Statement of Facts (ECF No. 30), after being *Mirandized*, Albrechta admitted to purchasing the cocaine hydrochloride found in his residence, and admitted his intent to distributing it in the Richmond, Virginia area. He further admitted to knowingly possessing the shotgun found in his residence. Thus, Albrechta cannot demonstrate that the outcome of the proceeding would have been different. In addition to his inability to prove prejudice, Albrechta also cannot demonstrate that counsel's performance was

deficient.

First, Albrechta argues that counsel withheld a detention hearing from him. However, Albrechta signed a waiver of detention hearing on May 24, 2013. (ECF No. 8.) Albrechta was thus detained pending the resolution of the instant matter. In her affidavit, Roberts notes the Government's allegation that Albrechta had attempted to hire a third party to kill another individual. (Gov'ts Resp., Ex. 1 at pg. 2.) Roberts states that she "had multiple discussions [with Albrechta] about the alleged 'murder for hire' plot and the likely impact it would have on the court's findings under the provisions of the Bail Reform Act." (*Id.* at 2–3.) Based on all the facts and circumstances of the case, Roberts believed "it was improbable that a judge would fashion conditions of release. Moreover, Mr. Albrechta was preparing to enter a plea of guilty to the charges, thereby further reducing the likelihood of his release on bond." (*Id.* at 3.)

Nevertheless, Albrechta asked Roberts to file a motion for reconsideration of bond conditions in August 2013. (*Id.*) On August 19, 2013, counsel followed Albrechta's wishes, and filed a Motion to Review and Revoke Detention Order and Request to Set Conditions of Release. (ECF No. 25.) That Motion, however, was denied on August 23, 2013. (*See* ECF No. 27.) With these facts in mind, the Court must conclude that Albrechta's first claim is without merit.

Next, Albrechta argues that counsel withheld all relevant paperwork, including the plea agreement and the Government's position on sentencing. Again, Albrechta fails to explain how this alleged deficient performance affected the plea process. *Hill*, 474 U.S. at 59. He does not even attempt to allege that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Moreover, Roberts asserts that she did in fact provide discovery to Albrechta as it was received from the Government. (Gov't Resp., Ex. at pg. 4.)

Albrechta next claims that counsel failed to advise him on his appeal. His § 2255 Motion specifically references a civil suit, Albrechta Associates Concrete Inc. v. Travelers Insurance. (*See* § 2255 Mot. at 8.) Roberts asserts that Albrechta is correct that she declined to offer any legal advice or assistance regarding that civil matter, as Roberts' representation was limited to

8

criminal matters relating to his federal, criminal prosecution. (Gov't Resp., Ex. 1 at pg. 4.) To the extent Albrechta asserts ineffective assistance as to this civil matter, his claim must be denied because Roberts was only assigned to represent Albrechta in his criminal case.

On the other hand, to the extent Albrechta asserts ineffective assistance in his criminal appellate matter, that claim must too be denied. In his plea agreement, Albrechta "knowingly waive[d] the right to appeal the conviction and any sentence within the statutory maximum . . . ." (Plea Agt., ECF No. 29, at ¶ 6.) At the plea hearing, Albrechta affirmed his understanding of this appellate waiver provision. (Plea Hr'g Tr. 13:4–5; 17:8; 17:21–18:1.) Additionally, Roberts asserts that "Albrechta was advised of his appellate rights in the days and weeks before his sentencing hearing, immediately after the hearing, and finally again on January 23, 2014, at the Northern Neck Regional Jail." (Gov'ts Resp., Ex. 1 at pg. 4–5.) Roberts further claims that "Albrechta stated that he understood his rights and did not wish to appeal the conviction and/or sentence imposed." (*Id.* at 5.) Roberts attaches written documentation of Albrechta's understanding and decision not to appeal. With these facts in mind, Albrechta's claim is simply without merit.

Albrechta next argues ineffective assistance of counsel for withholding from the Government information regarding Albrechta's alleged $2.3 million contract he signed for work on a church. In response, Roberts states that she "does not understand the nature of the allegation made by Mr. Albrechta and therefore can not [sic] respond at this time." (Gov'ts Resp., Ex. 1 at pg. 5.) Again this claim must fail because Albrechta does not even attempt to argue how counsel's alleged deficient performance prejudiced him.

Albrechta then lists a litany of complaints about counsel's alleged ineffective assistance, including refusal to help with his critical medical problems; not assisting him in getting a timely power of attorney for his son to access his accounts; refusal to get his mail; being cajoled, threatened and yelled at often; and not responding to oral and written requests. (§ 2255 Mot. at 8.) In response to Albrechta's first claim that counsel refused to help with critical medical

9

problems, Roberts denies such allegation. (Gov'ts Resp., Ex. 1 at pg. 5.) Secondly, she notes that she "does not specifically recall the circumstances related to assisting with a Power of Attorney." (*Id.*) Third, she "denies any involvement in the decision made by the Northern Neck Regional Jail in refusing to allow Mr. Albrechta to receive his mail from home." (*Id.*) Roberts also denies any allegation that she refused to forward letters from Albrechta's family to the Court for sentencing purposes or that she prohibited Albrechta and his family to speak at sentencing. (*Id.* at 5–7.)

As the Government asserts, each of these claims "are vague and offer no credibility or facts to support them." (Gov'ts Resp. at 15.) Because Albrechta fails to offer any supporting factual allegations, *see Sanders v. United States*, 373 U.S. 1, 19 (1963), and again does not attempt to demonstrate prejudice from counsel's alleged error, *see Hill*, 474 U.S. at 59, his claims must be denied.

(4) <u>Ground Four: Cruel and Unusual Punishment by Medical Neglect</u>

In his fourth ground for relief, Albrechta lists a number of medical complaints, which he argues constituted cruel and unusual punishment. These complaints range from rotten teeth to untreated scabies. He claims he was in a "medically induced stupor" and could not think properly. (§ 2255 Mot. at 10.)

Albrechta's instant claim is procedurally barred because Albrechta failed to file a timely appeal and does not presently allege "cause and actual prejudice" or "actual innocence." *See Bousley*, 523 U.S. at 622. Thus, Albrechta's claim must be dismissed.

Moreover, during the plea hearing, the Court confirmed that Albrechta's guilty plea was made voluntarily and knowingly, *see McCarthy v. United* States, 394 U.S. 459, 466 (1969), through the following exchange:

> THE COURT: Have you drunk any alcohol or taken any drugs, prescription or otherwise, in the past 24 hours?
>
> PETITIONER: No.

10

> THE COURT: Have you ever been treated for any mental or emotional disorder or addiction of any kind?
>
> PETITIONER: No.
>
> THE COURT: Okay. Are you sure about that? Talk to your lawyer.
>
> PETITIONER: Well, yes then.
> . . .
>
> THE COURT: So let me tell you why I'm asking the question, so you can understand what I am trying to get at. I need to know about the nature of the treatment and when it was and whether you successfully completed it. But the whole reason is to make sure that there is nothing about any treatment or the reason for treatment that would affect your ability to make a clear choice today to plead guilty.
>
> PETITIONER: No, not at all. . . .
>
> . . .
>
> THE COURT: All right. So I just need to confirm, is there anything either about the treatment or the reason for the treatment that would affect your ability to make a clear choice about pleading guilty?
>
> PETITIONER: No.

(Plea Hr'g Tr. at 5:1–6:4.) This exchange confirms that Albrechta was not under the influence of any medication which would affect his ability to make a clear decision at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").[9]

(5) <u>Ground Five: Entitlement to a Sentence Reduction Because of Substantial Assistance</u>

In his final ground for relief, Albrechta argues ineffective assistance of counsel for failure to file a motion for a sentence reduction for the substantial assistance he provided to the Government. As noted above, to succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland*, 466 U.S. at 687.

---

[9] Albrechta additionally cites U.S.S.G. § 5K2.13 in his fourth ground for relief. (*See* § 2255 Mot. at 9.) This sentencing guideline provides for a downward departure if the defendant committed the offense while suffering from a significantly reduced mental capacity, which contributed substantially to the commission of the offense. This guideline is clearly inapplicable in the instant § 2255 Motion, as Albrechta alleges medical neglect *after* he was in custody for the charged offenses.

11

United States Sentencing Guideline § 5K1.1 provides that "[*u*]*pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the [sentencing] guidelines." U.S.S.G. § 5K1.1 (emphasis added). Similarly, Rule 35 of the Federal Rules of Criminal Procedure provides "[u]*pon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1) (emphasis added). As these rules make clear, whether defendant has provided substantial assistance to warrant a reduction in either his sentencing guidelines or sentence is left to the discretion of the Government. Albrechta makes no claim that the Government promised him a reduction in exchange for his assistance. For those reasons, Roberts was under no obligation to file such motion, and thus Albrechta's instant claim must be denied.

## IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of his claims. Accordingly, a certificate of appealability is DENIED.

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_22nd\_\_\_ day of July 2015.